UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE R. LAKE, et al., | CASE NO. C16-1482JLR |
| Plaintiffs, | ORDER DENYING MOTION TO STRIKE |
| v. | |
| MTC FINANCIAL, INC., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiffs Wayne R. Lake and Cynthia A. Lake's (collectively "the Lakes") "motion to strike" Defendant's appearance and motion to dismiss. (Mot. (Dkt. # 13).) Defendant Deutsche Bank Trust Company Americas as Trustee for the Certificate Holders of Dover Mortgage Holder Capital 2005-A Corporation Grantor Trust Certificate, Series 2005-A (hereinafter "Deutsche Bank") opposes the Lakes' motion. (Resp. (Dkt. # 14).) The court has considered the motion, the submissions filed in

//

1  support thereof and opposition thereto, the relevant portions of the record, and the

2  applicable law.  Being fully advised,[1] the court DENIES the Lakes' motion to strike.

3  ## II.   BACKGROUND

4  This case arises out of a planned foreclosure of the Lakes' home.  (Compl. (Dkt.

5  # 1) at 2.)  On October 11, 2002, the Lakes signed a deed of trust for $145,000.00, which

6  was recorded against the Lakes' residence in Lake Forest Park, Washington.  (*Id.*)

7  On September 20, 2016, the Lakes filed a complaint in which they allege, in part,

8  that Deutsche Bank violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

9  *seq.*, and breached a contract with the Lakes.  (*Id.* at 7, 13, 15.)  On October 12, 2016,

10  Daniel Gibbons and Steven Dixson filed a notice of appearance as lead attorneys on

11  behalf of Deutsche Bank.  (Not. of App. (Dkt. # 7) at 1-2.)  On November 14, 2016,

12  Deutsche Bank filed a motion to dismiss the Lakes' complaint against Deutsche Bank.

13  (MTD (Dkt. # 8).)  The Lakes did not respond to the motion to dismiss (*see generally*

14  Dkt.), and on December 19, 2016, Deutsche Bank filed a reply memorandum in support

15  of its motion (Reply (Dkt. # 12)).

16  On January 10, 2017, after Deutsche Bank filed its reply, the Lakes moved to

17  strike the appearance of Mr. Gibbons and Deutsche Bank's motion to dismiss.  (*See* Mot.)

18  The Lakes contend that Deutsche Bank does not exist and thus cannot move to dismiss.

19  (Mot. at 1-2.)  On January 23, 2017, Deutsche Bank responded to the Lakes' motion.

20  (Resp.)  The Lakes did not file a reply memorandum.  (*See generally* Dkt.)

21

22  ---

[1] No party has requested oral argument, and the court deems it unnecessary to the disposition of this motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

# III.   ANALYSIS

Although not a model of clarity, the Lakes' motion to strike appears to argue that the Office of the Washington Secretary of State confirms that Deutsche Bank does not exist. (Mot. at 1.)  In support of their motion, the Lakes attach a memorandum from the Office of the Washington Secretary of State:  Corporations and Charities Division. (*Id.* at 3.)[2]  In relevant part, the memorandum states that "Deutsche Bank Trust Company Americas is not registered with [the Washington Secretary of State's] office." (*Id.*)  The Lakes also contend that there are "no records anywhere, within any known system of records . . . establishing that [Deutsche Bank] exists." (*Id.* at 1.)  Further, based on the argument that Deutsche Bank does not exist, the Lakes contend that Mr. Gibbons' appearance in this suit is "false and deceptive" and that he was "not retained or requested" by Deutsche Bank. (*Id.* at 1-2.)  Finally, the Lakes state that Deutsche Bank is "not a national association and not permitted to appear in this forum under any rule." (*Id.* at 2.)  The Lakes cite no legal authority to support their contentions. (*See generally* Mot.)

Deutsche Bank responds that it is a named defendant in this lawsuit. (Resp. at 2.)  Because the Lakes brought claims against it, Deutsche Back argues that it has the right to respond to the claims. (*Id.*)  Further, Deutsche Bank notes that if the Lakes' motion was accepted by the court, the appropriate remedy would be for the court to dismiss the charges against Deutsche Bank. (*Id.*)  Nevertheless, Deutsche Bank argues that the court has personal jurisdiction over it and that it has the capacity to be sued. (*Id.* at 2-4.)

//

---

[2] The Lakes attach documents directly to their motion to strike. (*See* Mot. at 3-4.)

**A.      Personal Jurisdiction**

At its core, personal jurisdiction represents the right of a court to exercise judicial power over a party.  *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005).  In order to adjudicate a suit, a court must have personal jurisdiction over the defendants. *Id.*  The court's adherence to the limitations of personal jurisdiction ensures that "the maintenance of the suit . . . [does] not offend traditional notions of fair play and substantial justice.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), cert. denied, 136 S. Ct. 915, 193 L. Ed. 2d 793 (2016) (quoting *Int'l Shoe v. Washington,* 326 U.S. 310, 316 (1945)).  There are a variety of ways a court can establish personal jurisdiction over a party, and the defendant's consent is the most relevant to the motion at hand.  *Dow Chem.*, 422 F.3d at 831.  "[B]ecause the personal jurisdiction requirement is a waivable right," the litigant can give "express or implied consent to the personal jurisdiction of the court."  *Id.* (quoting *Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)).

Here, by filing a Federal Rule of Civil Procedure 12(b) motion (*see* MTD) and not raising a defense under Federal Rule of Civil Procedure 12(b)(2), Deutsche Bank has waived the right to object to personal jurisdiction.  *See* Fed. R. Civ. P. 12(g), (h). Further, Deutsche Bank has affirmatively acknowledged that it does not object to the court's exercise of personal jurisdiction over it.  (Resp. at 3.)  Thus, the court has personal jurisdiction over Deutsche Bank.

//

//

**B.     Capacity to Be Sued**

Deutsche Bank interprets the Lakes' motion to challenge Deutsche Bank's capacity to be sued.  (*Id.* at 2-3.)  Although it is unclear if the Lakes make this argument (*see* Mot. at 1-2), the court nevertheless addresses it.  As a threshold matter, the court notes that the plaintiff brought this lawsuit against Deutsche Bank.  (*See* Compl. at 7.)  If the court were to find, as the Lakes urge, that Deutsche Bank "does not exist," it is unclear whether and how the Lakes could continue their suit against Deutsche Bank.  The Lakes, however, appear to argue that Deutsche Bank is somehow barred from responding to their complaint.  (Mot. at 1-2.)  The court finds no legal authority in support of the Lakes' position that a defendant may have the capacity to be sued but lacks a corresponding right to respond.  The Lakes do not offer any such legal authority either. (*See generally* Mot.)

Capacity to be sued "for a corporation, is governed by the law under which it was organized."  Fed. R. Civ. P. 17(b)(2).  Assuming that Deutsche Bank is a New York corporation,[3] New York law explains that "[e]ach corporation . . . shall have the power . . . [t]o sue and be sued."  N.Y. Bus. Corp. Law § 202.  Thus, Deutsche Bank has the capacity to be sued.

Additionally, it is possible to read the Lakes' motion to assert a violation of RCW § 23.95.505.  This statute declares that a "foreign entity doing business in this state may not maintain an action or proceeding in this state unless it is registered to do business in

_____

[3] In its response to the motion to strike, Deutsche Bank asserts it is a subsidiary of "Deutsche Bank Trust Corporation" which is a "New York Corporation."  (Resp. at 3.)

1   this state." RCW § 23.95.505.  This statute limits a foreign corporation's ability to sue,

2   not its capacity to be sued.  RCW § 23.95.505.  However, this argument fails because

3   Deutsche Bank did not initiate this suit.  (*See generally* Compl.)  Accordingly, the court

4   concludes that Deutsche Bank has the capacity to be sued.

5   **C.   Appearance of Counsel**

6          The court also rejects the Lakes' challenge to the appearance of Mr. Gibbons.  The

7   Lakes argue that the "appearance filed by Daniel J. Gibbons is false and deceptive and

8   this attorney was not retained or requested by any interested party for" Deutsche Bank "to

9   represent its interests . . . because [Deutsche Bank] does not exist." (Mot. at 1-2.)  This

10  assertion is without merit and frivolous.  Deutsche Bank's lack of registration in

11  Washington is inconsequential and does not support the assertion that Deutsche Bank

12  does not exist.  *See supra* § III.B.  Because the Lakes offer no evidence that Deutsche

13  Bank "does not exist" or any "false and deceptive" practices regarding Mr. Gibbons's

14  representation of Deutsche Bank, the court denies this aspect of the Lakes' motion.

15                      **IV.   CONCLUSION**

16         Based on the foregoing analysis, the court DENIES the Lakes' motion to strike

17  (Dkt. # 13).

18         Dated this 3rd day of March, 2017.

19

20

21  JAMES L. ROBART
    United States District Judge

22