UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE R. LAKE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MTC FINANCIAL, INC., et al.,<br><br>Defendants. | CASE NO. C16-1482JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendant Deutsche Bank Trust Company Americas as Trustee for the Certificate Holders of Dover Mortgage Holder Capital 2005-A Corporation Grantor Trust Certificate, Series 2005-A's ("Deutsche Bank") motion to dismiss Plaintiffs Wayne R. and Cynthia A. Lake's (collectively, "the Lakes") complaint. (Mot. (Dkt. # 8).) The Lakes, who are proceeding *pro se*, did not respond to the motion

//

//

to dismiss.[1] (*See generally* Dkt.) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS Deutsche Bank's motion for the reasons set forth below.

## II. BACKGROUND

This case arises from the sale of the Lakes' home in foreclosure. (Compl. (Dkt. # 1) at 2.) On October 11, 2002, the Lakes signed a deed of trust for $145,000.00, which was recorded against the Lakes' residence in Lake Forest Park, Washington. (*Id.*) The deed of trust secured a promissory note that was payable to Bank of America, N.A. (*See id.* at 9.) The complaint alleges that "[a]n assignment of the trust deed and note was purportedly executed on May 4th 2010 . . . in which the document purports to assign the note and trust deed to the defendant," Deutsche Bank. (*Id.*) The Lakes allege that the original lender, Bank of America, N.A., has nevertheless continued to "express the same interest as it had before the purported assignment." (*Id.*)

On October 29, 2015, Defendant MTC Financial, Inc. dba Trustee Corps ("MTC") recorded a Notice of Trustee's Sale, which scheduled a sale for March 11, 2016. (Gibbons Decl. (Dkt. # 9) ¶ 6, Ex. D; Compl., Ex. A at 37.) After the March sale did not occur, MTC recorded a second Notice of Trustee's Sale on May 24, 2016, which set

---

[1] On January 10, 2017, the Lakes filed a motion to strike Deutsche Bank's appearance and motion to dismiss. (Mot. to Strike (Dkt. # 13).) Even if the court liberally construes the Lakes' motion to strike as a response to Deutsche Bank's motion to dismiss, it would be untimely under Local Rule 7(d)(3). *See* Local Rules W.D. Wash. LCR 7(d)(3). In any event, the Lakes' motion to strike does not address Deutsche Bank's arguments in its motion to dismiss. The court denied the Lakes' motion to strike on March 3, 2017. (3/3/17 Order (Dkt. # 15).)

[2] No party has requested oral argument, and the court deems it unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

September 23, 2016, as the date for the sale. (Gibbons Decl. ¶ 7, Ex. E; Compl., Ex. A at 25.) After the September sale did not occur, MTC signed a third Notice of Trustee's Sale, which was dated August 8, 2016, and scheduled a sale for December 16, 2016.[3] (Compl., Ex. A at 19.) The record does not indicate whether the sale scheduled for December 16, 2016, occurred.

The Lakes also allege that on or about April 1, 2016, Deutsche Bank entered into a "License Agreement" with them and agreed to purge its records and databases of any and all information pertaining to the Lakes. (Compl. at 17.) The Lakes attach a copy of the alleged "License Agreement" as an exhibit to their complaint. (*See id.*, Ex. B.)

On September 20, 2016, the Lakes filed this *pro se* lawsuit against MTC, Deutsche Bank, and Defendant Regional Trustee Services Corporation ("RTSC"). (*See generally* Compl.) In their complaint, the Lakes allege that Deutsche Bank violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and breached the alleged "Licensing Agreement." (*Id.* at 13, 17.) On November 14, 2016, Deutsche Bank filed a motion to dismiss the Lakes' complaint (*see generally* Mot.) to which the Lakes did not respond[4] (*see generally* Dkt.). The court now addresses Deutsche Bank's motion.

---

[3] This notice of sale was recorded on August 10, 2016. *See* King County Recorder's Office, http://www.kingcounty.gov/depts/records-licensing/recorders-office/records-search.aspx (click "begin search" link; then follow Official Public Records Search link; then enter Lakes' information) (last visited Mar. 31, 2017); *see also* Fed. R. Evid. 201(c)(1) ("The court . . . may take judicial notice on its own."); *Michery v. Ford Motor Co.*, 650 F. App'x 338, 342 (9th Cir. 2016) (granting a motion for judicial notice of documents located on a government website); *Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) ("[I]nformation on government agency websites . . . [has] often been treated as proper subjects for judicial notice.").

[4] *See supra* note 1.

## III. ANALYSIS

### A. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). A court may dismiss a complaint as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

The court need not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678. Although the pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id.*

**B.  Documents the Court Considers**

Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The Ninth Circuit, however, has carved out limited exceptions to this rule. First, a court may consider material properly submitted as a part of the complaint. *Id.* Second, a court may consider documents not physically attached to the pleading if the contents are alleged in the complaint and no party questions the authenticity. *Id.* Third, under Federal Rule of Evidence 201, a court may take judicial notice matters of public record. *Id.* at 688-89. Rule 201 provides, in pertinent part, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus, fall within the purview of Rule 201, *see also Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts routinely take judicial notice of assignments of deed of trust and similar recorded documents" in motions to dismiss.).

Based on the foregoing authority, the court may consider the documents the Lakes attach to their complaint. *Lee*, 250 F.3d at 688. Thus, the court considers the Notices of Trustee's Sales (Compl., Ex. A at 19, 25, 37), the original deed of trust (*id.* at 15), and the communications sent from Bank of America, N.A. to the Lakes (*id.* at 134, 137, 140, 143). The court also considers the "License Agreement." (Compl., Ex. B.)

ORDER - 5

In addition, Deutsche Bank asks the court to take judicial notice of the assignment of the deed of trust from Bank of America, N.A. to Deutsche Bank and the appointment of ReconTrust Company N.A., as the successor trustee, both of which have been recorded with the King County Recorder's Office. (Mot. at 6; *see also* Gibbons Decl. ¶¶ 3-4, Exs. A-B.) Deutsche Bank further requests notice of the appointment of successor trustee to MTC on July 2, 2015, which was also recorded with the King County Recorder's Office. (Mot. at 6; *see also* Gibbons Decl. ¶ 5, Ex. C.)

The Lakes did not respond to Deutsche Bank's request for judicial notice. (*See generally* Dkt.) Although the Lakes allege in their complaint that the "defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States" (Compl. at 12),[5] this allegation does not overcome the presumption that public records are authentic and trustworthy, *Gilbrook*, 177 F.3d at 858. Indeed, the court does not need to accept as true the Lakes' allegation that the documents were false or fraudulent because the allegation is a legal conclusion, and the Lakes did not allege sufficient facts from which the court could reasonably infer that the documents were false or fraudulent. *Iqbal*, 556 U.S. at 678. Thus, the court grants Deutsche Bank's request for judicial notice.

//

---

[5] (*See also* Compl. at 12 ("[D]efendant has falsely represented that it does have certain legal rights under the trust deed, and it has the right to foreclose of [sic] the plaintiff fails or refuses to provide more credit, banking, financial, personal or other identifying information along with agreeing to making regular payments of money to the defendant or its privies").)

ORDER - 6

C.  **Motion to Dismiss**

The Lakes allege claims based on violations of the FDCPA and breach of contract. (*See generally* Compl.) Deutsche Bank moves for the dismissal of all of the Lakes' claims.[6] (*See* Mot.)

1. FDCPA Claim

Deutsche Bank argues that the Lakes' FDCPA claim should be dismissed on a number of grounds, including that (1) the Lakes lack of standing to challenge the assignment of the deed of trust (Mot. at 9), (2) the FDCPA does not apply to the foreclosure process (*id.* at 10), and (3) Deutsche Bank is not a "debt collector" as defined by the FDCPA (*id.* at 11). The court addresses each argument in turn.[7]

*a. Standing*

Deutsche Bank moves to dismiss the Lakes' FDCPA claim because the Lakes lack standing to challenge the assignment of the deed of trust. (Mot. at 9.) "It is well established that 'a borrower generally lacks standing to challenge the assignment of its loan documents unless the borrower shows that it is at a genuine risk of paying the same

---

[6] Deutsche Bank argues that the Lakes' bankruptcy does not preclude the court's consideration of this motion to dismiss. (Reply (Dkt. # 12) at 2.) The court agrees. The automatic stay under the Bankruptcy Code "does not prevent . . . a defendant from protecting its interests against claims brought by the debtor." *In re Palmdale Hills Prop., LLC*, 654 F.3d 868, 875 (9th Cir. 2011). The automatic stay applies only to actions "against the debtor." *See* 11 U.S.C. § 362(a)(1) (stating that a bankruptcy petition "operates as a stay . . . of . . . the commencement or continuation . . . of a judicial . . . action against the debtor . . . ."). Further, there is "no policy of preventing persons whom the bankrupt has sued from protecting their legal rights." *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

[7] Although each of Deutsche Banks' arguments provide an independent ground for dismissal of the FDCPA claim, the court analyzes each argument. *See infra* § III. C.1. a-c.

debt twice.'" *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 806 (W.D. Wash. 2016) (quoting *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301-02 (W.D. Wash. 2015), *reconsideration denied*, No. C15-0428JLR, 2015 WL 12085856 (W.D. Wash. Apr. 7, 2015)). Borrowers, as third parties to an assignment, cannot challenge the chain of assignments. *Borowski v. BNC Mortg., Inc.*, No. C12-5867RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013).

In this case, the Lakes have not alleged that they are at risk of paying the same debt twice. (*See generally* Compl.) Although the Lakes allege that Bank of America, N.A. "has continued to express the same interests as it had before" (Compl. at 9), an exhibit to their complaint contradicts that allegation, (Compl., Ex. A at 134, 137, 140, 143 (explaining that Bank of America, N.A. is only the loan servicer and that Deutsche Bank is the noteholder)). The court is "not . . . required to accept as true allegations that contradict exhibits attached to the Complaint." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Accordingly, the court concludes that the Lakes are barred from alleging the ineffectiveness or illegitimacy of the assignments at issue because they lack standing to do so, and the court grants Deutsche Bank's motion to dismiss the Lakes' FDCPA claim on this ground.

      *b. Debt Collection*

The Lakes allege in their complaint that Deutsche Bank violated the FDCPA by "utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, sources, and destination of illicitly-obtained money." (Compl. at 11.) They also allege that Deutsche Bank violated the FDCPA when

the "defendant threatened to undertake a foreclosure action against the plaintiff." (*Id.* at 12.) Deutsche Bank argues that the court should dismiss the Lakes' FDCPA claim because the FDCPA does not apply to foreclosures. (Mot. at 10.)

"The FDCPA imposes liability only when an entity is attempting to collect debt. For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.'" *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016) (citing 15 U.S.C. §§ 1692a(5), 1692(e)). The object of foreclosure, however, is to retake and resell a security, not to collect money. *Id.* Indeed, "'foreclosing on a deed of trust is an entirely different path' than 'collecting funds from a debtor.'" *Id.* at 621 (quoting *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)). Thus, the FDCPA applies to foreclosure activities only through the limited provisions of Section 1692f(6). *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) ("[W]here an entity is engaged solely in the enforcement of a security interest and not in debt collection . . . it is subject only to § 1692f(6) rather than the full scope of the FDCPA.").

Section 1692f(6) prohibits, in pertinent part, the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); *see Ho*, 840 F.3d at 622. The Lakes fail to allege facts that bring Deutsche Bank's foreclosure action within the narrow provisions of Section 1692f(6). Specifically, the Lakes fail to allege facts from which the court can reasonably infer that Deutsche Bank did not have a present right to possession of the property at issue. Although the Lakes allege that the documents Deutsche Bank sent

them were fraudulent (Compl. at 12), this allegation is a legal conclusion, which the court need not accept as true, *Iqbal*, 556 U.S. at 678. Additionally, the court can consider the Lakes' exhibits and has judicially noticed the assignment of the deed of trust. *See supra* § III.B. These documents, on their face, demonstrate that Deutsche Bank has a present right to possession of the property claimed as collateral through an enforceable security interest. (*See* Gibbons Decl. at Exs. A-C; Compl., Ex. A at 19, 25, 37.) Consequently, the court cannot reasonably infer Deutsche Bank's foreclosure actions to be within the provisions of Section 1692f(6), and dismisses the Lakes' FDCPA claim on this basis.

    *c. Debt Collector*

The Lakes allege that Deutsche Bank committed violations of Sections 1692e(4) and (5) and of Sections 1692g(a) and (b) of the FDCPA. (Compl. at 13.) These FDCPA provisions apply to "debt collectors." *See* 15 U.S.C. §§ 1692e(4)-(5); 1692g(a)-(b). Deutsche Bank argues that the court should dismiss the Lakes' FDCPA claim because it is not a "debt collector" under the statute, and therefore its actions are not covered by these provisions. (Mot. at 11.)

To state a claim under the FDCPA, the Lakes' must allege sufficient "factual content that allows the court to draw the reasonable inference" that Deutsche Bank is a debt collector as defined in the statute. *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). The FDCPA defines "debt collector" as:

> Any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6); *see also Schlegel*, 720 F.3d at 1208 ("The FDCPA defines the phrase 'debt collector' to include: (1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'"). Thus, to adequately allege that Deutsche Bank is a "debt collector," the Lakes must allege sufficient facts from which the court can reasonably infer that (1) Deutsche Bank's "principal purpose" is debt collection, or (2) Deutsche Bank "regularly collects debts owed to someone other than [Deutsche Bank]." *Id.* at 1209.

The Lakes do not adequately allege that Deutsche Bank is a debt collector. The Lakes' allegation that "Defendant is a debt collector as defined in Title 15 U.S.C. § 1692(a) of the [FDCPA]" is a legal conclusion that the court need not accept as true. (Compl. at 8); *see also Iqbal*, 556 U.S. at 678. The Lakes also allege that Deutsche Bank

> began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

(Compl. at 10.) The court cannot reasonably infer from these allegations that Deutsche Bank's principal purpose is debt collection or that Deutsche Bank regularly collects debts owed to a third party. Accordingly, the court dismisses the Lakes' FDCPA claim on this ground.

//

2. Contract Claim

The Lakes allege that Deutsche Bank entered into a "license agreement" with them on or about April 1, 2016. (Compl. at 16.) They claim that Deutsche Bank entered the agreement when it "failed to comply with the 'opt-out' provisions that would have excluded [Deutsche Bank] from the obligations under the license agreement." (*Id.* at 17.) The Lakes also allege that the contract obligated Deutsche Bank to "purge its records and databases of any and all information pertaining to the plaintiff and/or provide a certificate of destruction of any records or information it could not return." (*Id.*) Deutsche Bank argues that the court should dismiss the Lakes' breach of contract claim because the Lakes failed to plead the existence of a valid contract. (Mot. at 13.)

For a contract to exist, there must be mutual assent, which "generally takes the form of offer and acceptance." *Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 858 P.2d 245, 256 (Wash. 1993). A contract is not valid until an offer has been accepted. *A.A.B. Elec., Inc. v. Stevenson Pub. Sch. Dist. No. 303*, 491 P.2d 684, 686 (Wash. Ct. App. 1971). Moreover, "[f]ailure to reject an offer is not equivalent to assent of that contract since silence is acceptance only where there is a duty to speak." *Saluteen-Maschersky v. Countrywide Funding Corp.*, 22 P.3d 804, 808 (Wash. Ct. App. 2001). Finally, "a duty to speak arises only out of a trust or fiduciary relationship between the parties." *Lincoln v. Keene*, 316 P.2d 899, 901 (Wash. 1957); *Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 39 (Wash. 2012) (Under Washington law, trustees do not have a fiduciary duty to the grantor or other persons having an interest in the property.); *Miller v. U.S. Bank of Wash., N.A.*, 865 P.2d 536, 543 (Wash. Ct. App. 1994), *as*

*corrected* (Feb. 22, 1994) ("The general rule in Washington is that a lender is not a fiduciary of its borrower.").

In this case, the Lakes do not claim that Deutsche Bank affirmatively agreed to enter into the license agreement. (*See generally* Compl.) The Lakes merely allege that the "defendant has failed to comply with the 'opt-out' provisions" which the Lakes contend obligated Deutsche Bank to follow the terms of the agreement. (*Id.* at 17.) The Lakes' bare assertion that Deutsche Bank failed to comply with the opt-out provision is insufficient to create a contract as a matter of law. The Lakes fail to allege that Deutsche Bank had a duty to speak and, consequently, Deutsche Bank's alleged silence or "failure to comply with the 'opt-out' provisions" was not an acceptance of the agreement. (*See generally* Compl.; *see also* Compl., Ex. B at 7.) Because the Lakes fail to allege the formation of a contract, the court grants Deutsche Bank's motion to dismiss the Lakes' contract claim.[8]

//

//

---

[8] Deutsche Bank also argues that the court should dismiss the contract claim because the Lakes fail to allege breach or damages. (Mot. at 16-17.) In their complaint, the Lakes allege that the "defendant has failed to comply . . . [and] is currently in breach." (Compl. at 17.) The Lakes also allege that the "defendant is liable to the plaintiff for liquidated damages as set forth in the agreement." (*Id.* at 15.) The court, however, need not accept these conclusory allegations as true. *Iqbal*, 556 U.S. at 678. A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). In order to claim liquidated damages, "the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach . . . [and] the harm must be such that it is incapable or very difficult of ascertainment." *Walter Implement, Inc. v. Focht*, 730 P.2d 1340, 1343 (Wash. 1987). These additional pleading deficiencies are independent grounds for dismissal of the Lakes' contract claim.

### D. Application of Motion to Dismiss to MTC Financial

MTC did not join in Deutsche Bank's motion to dismiss. (*See generally* Dkt.) Nevertheless, the Lakes' allegations against MTC are virtually identical to their allegations against Deutsche Bank.[9]

A court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). A trial court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981). Generally, the court must give notice of its *sua sponte* intention to dismiss and provide plaintiffs "an opportunity to at least submit a written memorandum in opposition to such motion." *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979). However, "[s]uch a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991; *Wong*, 642 F.2d at 362. A court may also grant a motion to dismiss as to non-moving defendants where the non-moving defendants are in a "position similar to that of moving defendants or where the claims against all defendants are integrally related." *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993). Because the allegations against Deutsche Bank and MTC are virtually identical, the court *sua sponte*

//

---

[9] The claims are not completely identical because the Lakes make a claim against Deutsche Bank that they do not make against MTC (*see e.g.*, Compl. at 9 (alleging that Deutsche Bank is a "nonperson" without rights to own property)), as well as a claim against MTC not made against Deutsche Bank (*see* Compl. at 3 (alleging MTC sent the Lakes a notice stating it was "communication from a debt collector" and demanding payment on the "trust deed")). The court does not accept this additional allegation against MTC as true, however, because the Lakes' exhibit contradicts this allegation. (Compl., Ex. A at 25); *Daniels-Hall*, 629 F.3d at 998.

dismisses the Lakes' claims against MTC on the same grounds as the court dismisses the Lakes' claims against Deutsche Bank.

E. **Leave to Amend**

Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). In order to determine whether justice requires leave to amend, the court considers: (1) the presence or absence of undue delay, (2) bad faith, (3) dilatory motive, (4) "repeated failure to cure deficiencies" in previous amendments, and (5) futility of the amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 181, 183 (1962)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

In this case, the court will grant the Lakes leave to amend their FDCPA claim. Since Section 1692f(6) of the FDCPA offers limited protection against foreclosure activity, it is not "absolutely clear" that the Lakes could offer no amendment to cure the deficiencies in their complaint with respect to this provision of the FDCPA. *See Garity*, 828 F.3d at 854.

The court, however, denies leave to amend the Lakes' breach of contract claim. The Lakes have already alleged that Deutsche Bank entered into the license agreement by failing to exercise an "opt-out" provision. (Compl. at 17.) Leave to amend is futile

because the Lakes cannot contradict the allegations in the original complaint by alleging a different form of acceptance by Deutsche Bank. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.").

F. **Service of Process to Regional Trustee Services Corporation**

Although the parties do not raise the issue, the court notes that there is no evidence in the record that the Lakes have served RTSC. (*See generally* Dkt.) Federal Rule of Civil Procedure 4 requires plaintiffs to serve defendants with a summons and a copy of the plaintiff's complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(l) (stating requirement of proving service).

The Lakes filed their complaint on September 20, 2016. (Compl. at 1.) However, there is no indication in the record that the Lakes served RTSC with the summons and the complaint within the time period provided by Rule 4(m). (*See generally* Dkt.) The court orders the Lakes to show cause within 20 days of the entry of this order why their claims against RTSC should not be dismissed for failure to comply with Rule 4(m). If the Lakes

fail to show good cause, then the court will dismiss their claims against RTSC without prejudice.

## IV. CONCLUSION

For the reasons set forth in this order, the court GRANTS Deutsche Bank's motion to dismiss (Dkt. # 8). The court also GRANTS the Lakes leave to amend their complaint with respect to their FDCPA claim. The court, however, DENIES the Lakes leave to amend their contract claim. The Lakes must file their amended complaint, if any, within twenty (20) days of the filing date of this order. The court further ORDERS the Lakes to SHOW CAUSE within twenty (20) days of the entry of this order why their claims against RTSC should not be dismissed for failure to comply with Rule 4(m). The Lakes should file their amended complaint, if any, and response to the court's order to show cause separately.

Dated this 11th day of April, 2017.

JAMES L. ROBART
United States District Judge