1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  WAYNE R. LAKE, et al.,                      CASE NO. C16-1482JLR

11                    Plaintiffs,              ORDER GRANTING MOTION
                                               TO DISMISS PLAINTIFFS'
12           v.                                 FIRST AMENDED COMPLAINT

13  MTC FINANCIAL, INC., et al.,

14                    Defendants.

15              **I.    INTRODUCTION**

16      Before the court is Defendant Deutsche Bank Trust Company Americas as Trustee

17  for the Certificate Holders of Dover Mortgage Capital 2005-A Corporation, Grantor Trust

18  Certificate, Series 2005-A's ("Deutsche Bank") motion to dismiss Plaintiffs Wayne R.

19  Lake and Cynthia A. Lake's (collectively, "the Lakes") first amended complaint.  (MTD

20  (Dkt. # 18); *see also* FAC (Dkt. # 17).)  The court has considered the motion, the Lakes'

21  response (Resp. (Dkt. # 19)), Deutsche Bank's reply (Reply (Dkt. # 20)), the relevant

22  //

ORDER - 1

1  portions of the record, and the applicable law.  Considering itself fully advised,[1] the court

2  grants Deutsche Bank's motion and dismisses the Lakes' first amended complaint with

3  prejudice and without leave to amend.

## II.   BACKGROUND

5        This case arises out of foreclosure proceedings related to the Lakes' residential

6  property, which is located at 18214 25th Avenue Northeast, Lake Forest Park,

7  Washington  98155 ("the Property").  (*See, e.g.*, FAC ¶¶ 3, 13, 32 ("[Deutsche Bank]

8  made false representations that it had rights to foreclose against the [Lakes'] residential

9  property under the provisions of a deed of trust that is recorded against the title of the

10  [Lakes'] property in King County."), 33.)  In October 2002, the Lakes took out a loan for

11  $145,000.00, which is secured by a deed of trust on the Property.  (*Id.* ¶¶ 3, 7; Compl.

12  (Dkt. # 1) at 9, Ex. A at 15[2]; Resp. at 1.)  The deed of trust secured a promissory note that

13  was payable to Bank of America, N.A. ("BANA").  (FAC ¶ 7; Resp. at 1.)  The original

14  trustee on the deed of trust was "PRLAP, INC."  (FAC ¶ 7; Resp. at 1.)

15        In May 2010, BANA recorded an assignment of the deed of trust to Deutsche

16  Bank ("May 2010 Assignment").  (Gibbons Decl. (Dkt. # 9) ¶ 3, Ex. A.)  In their first

17

[1]No party requested oral argument, and the court concludes oral argument would not aid
18  its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

19        [2] Exhibit A to the Lakes' complaint contains a number of documents, one of which is the
deed of trust related to the Property.  (*See* Compl. Ex. A at 15-18.)  Exhibit A also contains
20  several Notices of Trustee's Sale for the Property, dated August 8, 2016, May 20, 2016, October
29, 2015, February 2, 2011, August 20, 2010, December 16, 2010 (*id.* at 19-31, 37-47, 70-89); a
21  second copy of the deed of trust (*id.* at 32, 34-36); and several Notices of Default related to the
Property, dated April 28, 2010, November 16, 2010, December 30, 2010, April 8, 2011, August
22  27, 2015, (*id.* at 90-116).  Exhibit A is not attached to the Lakes' first amended complaint but is
referenced therein.  (*See* FAC ¶¶ 15, 20.)

ORDER - 2

1  amended complaint, the Lakes acknowledge the existence of the May 2010 Assignment

2  but question its validity.  (FAC ¶ 16 ("An assignment of the deed of trust was purportedly

3  executed on May 4, 2010 . . . which purports to assign the note and deed of trust to

4  [Deutsche Bank].") *see also* Compl. at 9; Resp. at 2.)  The first amended complaint also

5  acknowledges that the May 2010 Assignment "was recorded on May 6, 2010[,] in King

6  County."  (FAC ¶ 16; *see* Resp. at 2.)  The first amended complaint alleges that "'G.

7  Hernandez,' Assistant Secretary for [BANA]," signed the May 2010 Assignment on

8  behalf of BANA and that he or she "is a documented 'robo-signer'. . . [who] did not

9  review or investigate the information in the document he or she signed."  (FAC ¶ 16; *see*

10  Resp. at 2.)

11      On May 6, 2010, Deutsche Bank recorded an Appointment of Successor Trustee,

12  naming ReconTrust Company, N.A. ("ReconTrust") as the successor trustee.  (Gibbons

13  Decl. ¶ 4, Ex. B.)  On July 2, 2015, Deutsche Bank recorded another Appointment of

14  Successor Trustee, naming MTC Financial Inc. dba Trustee Corps ("MTC") as the

15  successor trustee.  (*Id.* ¶ 5, Ex. C.)  On October 30, 2015, MTC recorded a Notice of

16  Trustee's Sale scheduling a sale for March 11, 2016, and stating that the Lakes were

17  $133,890.81 in arrears on their loan payments.  (*Id.* ¶ 6, Ex. D; *see also* Compl. Ex. A at

18  37-40.)  The March 11, 2016, sale did not take place, and MTC recorded a second Notice

19  of Trustee's sale on May 24, 2016, scheduling a sale date for September 23, 2016, and

20  stating that the Lakes were $142,622.36 in arrears on their payments.  (Gibbons Decl. ¶ 7,

21  Ex. E; *see also* Compl. Ex. A at 25-28.)  On July 6, 2016, MTC recorded a notice that

22  discontinued the September 23, 2016, sale.  (Gibbons Decl. ¶ 8, Ex. F.)

1    In their first amended complaint, the Lakes allege that (1) Deutsche Bank is falsely

2    representing that it is the holder of the Lakes' note and (2) Deutsche Bank had no right to

3    foreclose on the Lakes' residential property under the deed of trust.  (FAC ¶¶ 31-34.)

4    The Lakes further allege that BANA "continue[s] to enforce the same interests that it

5    allegedly had before the purported assignment by acting as the lender and communicating

6    with Plaintiffs as late as June 29, 2016," and that "[a]t no time did [BANA] ever identify

7    itself as the servicer of [their] loan."  (*Id.* ¶¶ 18-19.)  This latter allegation, however, is

8    contradicted by documents the Lakes attached to their original complaint.  For example,

9    in letters to the Lakes dated November 8, 2012, May 6, 2013, June 20, 2014, and

10   December 5, 2014, BANA informed the Lakes they were in default on their loan, and in

11   each of those letters, BANA specifically identified itself as the servicer of the Lakes'

12   loan.  (Compl. Ex. A at 134 ("[BANA] services the mortgage loan on your

13   property . . . ."), 137 (same), 140 ("[BANA] services your mortgage loan."), 143 (same).

14       The Lakes filed their original complaint on September 20, 2016.  (*See* Compl.)  In

15   that complaint, the Lakes alleged two claims against Deutsche Bank:  (1) breach of a

16   "License Agreement" (*see id.* at 17, Ex. B) and (2) violation of the Fair Debt Collection

17   Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.* (*see* Compl. at 13).  On April 11,

18   2017, the court granted Deutsche Bank's motion to dismiss the Lakes' complaint.

19   (4/11/17 Order (Dkt. # 16).)  The court dismissed the Lakes' breach of contract claim

20   with prejudice and without leave to amend, but granted the Lakes leave to amend their

21

22

ORDER - 4

1   Section 1692f(6) FDCPA claim.[3]  (*Id.* at 15-16.)  On May 15, 2017, the Lakes filed an

2   amended complaint alleging an FDCPA claim against Deutsche Bank.  (*See generally*

3   FAC.)  The Lakes' first amended complaint does not attach the documents they included

4   in Exhibit A to their original complaint, but they refer to Exhibit A twice in their first

5   amended complaint.  (*See* FAC ¶¶ 15, 20.)

6   ### III.   ANALYSIS

7   **A.   Legal Standard**

8   When considering a motion to dismiss under Federal Rule of Civil Procedure

9   12(b)(6), the court construes the complaint in the light most favorable to the nonmoving

10   party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

11   2005).  The court must accept all well-pleaded allegations of material fact as true and

12   draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v.*

13   *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to

14   dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

16   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus*

17   *VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility

18

19   [3] The court also *sua sponte* dismissed the Lakes' claims against MTC on the same
grounds that it dismissed the Lakes' claims against Deutsche Bank.  (4/11/17 Order at 14-15.)

20   Although the Lakes named MTC as a defendant in their original complaint (Compl. at 1), they
did not name MTC as a defendant in their first amended complaint (*see generally* FAC).

21   Accordingly, MTC was terminated as a defendant on May 1, 2017, which is the day the Lakes
filed their first amended complaint.  (*See* Dkt.)  On June 16, 2017, the court dismissed without

22   prejudice the Lakes' claims against Defendant Regional Trustee Services Corporation.  (6/16/17
Order (Dkt. # 21).)  Thus, Deutsche Bank is the sole remaining defendant in this action.

1 | when the plaintiff pleads factual content that allows the court to draw the reasonable

2 | inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3 | The court, however, need not accept as true a legal conclusion presented as a

4 | factual allegation. *Id.* Although Federal Rule of Civil Procedure 8 does not require

5 | "detailed factual allegations," it demands more than "an unadorned, the-defendant-

6 | unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A pleading

7 | that offers only "labels and conclusions or a formulaic recitation of the elements of a

8 | cause of action" will not survive a motion to dismiss under Federal Rule of Civil

9 | Procedure 12(b)(6). *Id.* A complaint does not survive dismissal where "it tenders 'naked

10 | assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at

11 | 557).

12 | **B.     Documents the Court Considers**

13 | Generally, a district court may not consider material beyond the complaint in

14 | ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th

15 | Cir. 2001). The Ninth Circuit, however, has carved out limited exceptions to this rule.

16 | First, a court may consider material properly submitted as a part of the complaint. *Id.*

17 | Second, a court may consider documents that are not physically attached to the pleading

18 | if their contents are alleged in the complaint and no party questions their authenticity. *Id.*

19 | Third, under Federal Rule of Evidence 201, a court may take judicial notice of matters of

20 | public record. *Id.* at 688-89; *see also United States v. Ritchie*, 342 F.3d 903, 908-09 (9th

21 | Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

22 | //

1    Rule 201 provides, in pertinent part, "[a] judicially noticed fact must be one not

2 subject to reasonable dispute in that it is . . . capable of accurate and ready determination

3 by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

4 201(b)(2). "A trial court may presume that public records are authentic and trustworthy,"

5 *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus, fall within

6 the purview of Rule 201. *See also Allshouse v. Caliber Home Loans, Inc.*,

7 No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts

8 routinely take judicial notice of assignments of deed of trust and similar recorded

9 documents" in motions to dismiss.).

10    Based on the foregoing authority, the court considers the documents the Lakes

11 attached to their original complaint. *See Lee*, 250 F.3d at 688. The fact that the Lakes

12 did not append these items to their first amended complaint does not undermine the

13 court's ability to rely on them when considering Deutsche Bank's motion to dismiss.

14 "[W]here an amended complaint has been filed, items pleaded or attached as exhibits to

15 the original complaint may be considered to the extent they contradict assertions in the

16 amended complaint." *Ticketmaster Corp. v. Tickets.Com, Inc.*, No. CV 99-7654

17 HLH(BQRX), 2000 WL 525390, at *1 (C.D. Cal. Mar. 27, 2000); *see also Gabarrete v.*

18 *Hazel*, No. 1:11-CV-00324-MJS PC, 2012 WL 1966023, at *3 (E.D. Cal. May 31, 2012)

19 ("Plaintiff is not allowed to proceed on his excessive force claim . . . unless he provides

20 sufficient explanation as to the contradictions between the allegations of the Second

21 Amended Complaint and the exhibits attached to his original Complaint."). Thus, the

22 court considers the Notices of Trustee's Sale (Compl. Ex. A at 25, 37), the original Deed

1  of Trust (*id.* at 15), and the communications BANA sent to the Lakes (*id.* at 134, 137,

2  140, 143), which the Lakes appended to their original complaint.

3      Deutsche Bank also asks the court to take judicial notice of the May 2010

4  Assignment and the appointment of ReconTrust, as the successor trustee, both of which

5  were recorded at the King County Recorder's Office.  (MTD at 5; *see also* Gibbons Decl.

6  ¶¶ 3-4, Exs. A-B.)  Deutsche Bank further requests that the court take judicial notice of

7  the appointment of successor trustee to MTC on July 2, 2015, as well as the notice

8  discontinuing the September 23, 2016, trustee's sale, both of which Deutsche Bank

9  recorded at the King County Recorder's Office.[4]  (MTD at 5; *see also* Gibbons Decl.

10  ¶¶ 5, 8, Exs. C, F.)

11      The Lakes did not respond to Deutsche Bank's request for judicial notice.  (*See*

12  *generally* Resp.; Dkt.)  Although the Lakes allege in their first amended complaint that

13  Deutsche Bank "has no rights to . . . make the claims it has made against the Deed of

14  Trust and Note" (FAC ¶ 22), these allegations do not overcome the presumption that the

15  public records at issue are authentic and trustworthy, *Gilbrook*, 177 F.3d at 858.  Indeed,

16  the court does not need to accept as true the Lakes' allegations concerning the note and

17  deed of trust because they are legal conclusions

18  //

19

20

---

21      [4] The court does not consider Deutsche Bank's request for judicial notice of Exhibits D and E to the Gibbons Declaration because these same documents are appended to the Lakes'
22  original complaint (*compare* Gibbons Decl. ¶¶ 6-7, Exs. D, E, *with* Compl. Ex. A at 25-28, 37-40), and the court has already concluded that it may consider these documents.  *See supra* at 7.

1   unsupported by sufficient "factual enhancement."[5]  *Iqbal*, 556 U.S. at 678.  Thus, the

2   court grants Deutsche Bank's request for judicial notice.[6]

3   **C.    FDCPA Claim**

4       In its order dismissing the Lakes' original complaint, the court granted the Lakes

5   leave to amend their FDCPA claim.  (4/11/17 Order at 15-16.)  In so ruling, the court

6   stated that "[s]ince Section 1692f(6) of the FDCPA offers limited protection against

7   foreclosure activity, it is not 'absolutely clear' that the Lakes could offer no amendment

8   to cure deficiencies in their complaint with respect to this provision of the FDCPA."  (*Id.*

9   at 15 (quoting *Gartiy v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016).)

10  Thus, to survive dismissal, the Lakes' first amended complaint must adequately state an

11  //

12  //

13  //

---

14  [5] The Lakes assert other similar allegations in their first amended complaint that the court
15  also does not accept as true because they are (1) also conclusory in nature and lack the necessary
    factual enhancement, or (2) contradicted by documents that the Lakes appended to their original
16  complaint.  (*See, e.g.*, FAC ¶ 14 ("The trustee has never conveyed, assigned or transferred any of
    its powers or authority to any others including but not limited to any of the defendants."), ¶ 31
17  ("[Deutsche Bank] made false representations that it was the holder of the note or promise to pay
    in which the [Lakes] owed [Deutsche Bank]."), ¶ 32 ("[Deutsche Bank] made false
18  representations that it had rights to foreclose against the [Lakes'] residential property under the
    provisions of a deed of trust that is recorded against the title of the [Lakes'] property in King
    County."), ¶ 34 ("[Deutsche Bank] acquired a copy, forged or counterfeit version of [the Lakes']
19  promissory note.").)

20      [6] The court previously granted Deutsche Bank's request for judicial notice of exhibits A,
    B, and C to the Gibbons declaration when considering Deutsche Bank's motion to dismiss the
21  Lakes' original complaint.  (4/11/17 Order at 6.)  The court considered anew Deutsche Bank's
    request for judicial notice of these exhibits when considering the present motion to dismiss the
22  Lakes' first amended complaint.

1    FDCPA claim that is consistent with Section 1692f(6).[7]  As discussed below, the court

2    concludes that it does not.

3         In order to state an FDCPA claim under Section 1692f(6), the Lakes must (1) have

4    standing to challenge the assignments of their Deed of Trust and (2) allege facts

5    indicating that Deutsche Bank's foreclosure actions are subject to Section 1692f(6).  The

6    court addresses each issue in turn.

7              1.   The Lakes Lack Standing to Challenge the May 2010 Assignments

8         As they did in their original complaint, the Lakes allege that the May 2010

9    Assignment was ineffective or did not occur.  (FAC ¶¶ 13, 14; *see also* Compl. at 9.)  In

10

11   _____

12        [7] In their original complaint, the Lakes attempted to allege an FDCPA claim based on the
     notion that Deutsche Bank was acting as a "debt collector" or engaged in "debt collection" under
     the FDCPA.  (*See* Compl. at 13 (citing Sections 1692e(4) and (5) and Sections 1692g(a) and (b)
13   of the FDCPA).)  The court dismissed this aspect of the Lakes' FDCPA claim in its April 11,
     2017, order.  (4/11/17 Order at 10-11.)  The court allowed the Lakes to amend their Section
14   1692f(6) FDCPA claim, but did not permit the Lakes to amend other portions of their FDCPA
     claim based on other statutory provisions.  (*See id.* at 15 (quoting *Garity*, 828 F.3d at 854)
15   ("Since Section 1692f(6) of the FDCPA offers limited protection against foreclosure activity, it
     is not 'absolutely clear' that the Lakes could offer no amendment to cure the deficiencies of their
16   complaint with respect to this provision of the FDCPA.")); *see also id.* at 9 ("[T]he FDCPA
     applies to foreclosure activities only through the limited provisions of Section 1692f(6).").)  The
     Lakes acknowledge this ruling in their first amended complaint.  (*See* FAC at 1 ("[T]he [c]ourt
17   dismissed Plaintiffs' case with leave to amend Plaintiffs' FDCPA claim pursuant to 15 U.S.C.
     § 1692f(6).").)  Nevertheless, the Lakes appear to re-plead an FDCPA claim based on the
18   allegation that Deutsche Bank was acting as a "debt collector" under the Act.  (*See* FAC ¶ 8
     ("[Deutsche Bank] acted as a debt collector as defined under Title 15 U.S.C. § 1692(a) of the
19   FDCPA."), ¶ 9 ("[Deutsche Bank] has undertaken actions that involve the collection of consumer
     debt against Plaintiffs."), ¶ 10 ("[Deutsche Bank] is a debt collector under § 1692(a)(6) and is not
20   excluded by any provision of the definition of a "debt collector" under this statute.").)  Just as the
     Lakes failed to adequately allege their claim that Deutsche Bank was engaged in "debt
21   collection" in their original complaint, they also fail to adequately allege such a claim in their
     first amended complaint.  Thus, to the extent that the Lakes attempt to re-plead this claim, the
22   court dismisses the claim with prejudice and without leave to amend on the same grounds as in
     its April 11, 2017, order.  (*See* 4/11/17 Order at 10-11.)

1   their first amended complaint, the Lakes also add allegations that a "robo-signer"

2   executed the May 2010 Assignment.  (FAC ¶ 16.)

3       Borrowers, as third parties to an assignment, generally "lack standing to challenge

4   an allegedly fraudulent assignment of a deed of trust and/or an appointment of a

5   successor trustee." *Brodie v. Nw. Tr. Servs., Inc.*, No. 12-CV-0469-TOR, 2012 WL

6   6192723, at *2 (E.D. Wash. Dec. 12, 2012), *aff'd*, 579 F. App'x 592 (9th Cir. 2014).  The

7   rationale for this rule is "that a borrower cannot be injured by the allegedly fraudulent

8   conduct because the borrower is neither a party to nor an intended beneficiary of the

9   challenged agreements." *Id.*  An exception to the rule is where "the borrower shows that

10  it is at a genuine risk of paying the same debt twice." *Andrews v. Countrywide Bank, NA*,

11  95 F. Supp. 3d 1298, 1301-02 (W.D. Wash. 2015), *reconsideration denied*,

12  No. C15-0428JLR, 2015 WL 12085856 (W.D. Wash. Apr. 7, 2015).

13      In its April 11, 2017, order, the court held that the Lakes, as third parties to the

14  assignment, lacked standing to challenge the May 2010 Assignment.  (*See* 4/11/17 Order

15  at 7-8.)  The court determined that the Lakes had not alleged in their original complaint

16  that they were at risk of paying the same debt twice.  (*Id.* at 8.)  Although the Lakes

17  alleged that BANA "continued to express the same interests as it had before the purported

18  assignment by acting as the lender" (Compl. at 9), the court did not accept this allegation

19  as true because the exhibits that the Lakes attached to the original complaint contradicted

20  that allegation (4/11/17 Order at 8 (citing Compl. Ex. A at 134, 137, 140, 143)).  The

21  exhibits in question consist of letters to the Lakes that expressly identify BANA as the

22  //

1   servicer of the Lakes' loan and Deutsche Bank as the noteholder.  (*See* Compl. Ex. A at

2   134, 137, 140, 143.)

3       Using language similar to the language in their original complaint, the Lakes now

4   allege that BANA "continue[s] to enforce the same interests that it allegedly had before

5   the purported assignment by acting as the lender."  (FAC ¶ 18; *see* Compl. at 9.)  In their

6   first amended complaint, the Lakes also allege that "[a]t no time did [BANA] ever

7   identify itself as the servicer of [the Lakes'] loan, so [the Lakes] had no reason to believe

8   that it was and continues to be the lender, beneficiary and holder of the note."  (FAC ¶

9   19.)  The same exhibits to the original complaint that expressly identified BANA as the

10  servicer of the Lakes' loan and Deutsche Bank as the noteholder contradict these same

11  allegations in the amended complaint.  (*See* Compl. Ex. A at 134, 137, 140, and 143.)

12  The court is "not . . . required to accept as true allegations that contradict exhibits

13  attached to the Complaint."  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th

14  Cir. 2010).  Because the first amended complaint provides no additional consistent

15  allegations giving rise to the inference that the Lakes were, or are, subject to any genuine

16  risk of paying the same debt twice, the court grants Deutsche Bank's motion to dismiss

17  the Lakes' FDCPA claim.

18      The Lakes' new allegation that a BANA "robo-signer" executed the May 2010

19  Assignment does not alter the court's analysis or conclusion.  (*See* FAC ¶ 16 ("'G.

20  Hernandez' is a documented 'robo-signer' and upon information and belief, did not

21  review or investigate the information in the [May 2010 Assignment] he or she signed.").)

22  The Lakes' allegation of robo-signing fails as a matter of law because, as discussed

ORDER - 12

1   above, the Lakes lack standing to challenge the allegedly fraudulent assignment of their

2   Deed of Trust.  Numerous courts faced with similar allegations of robo-signing have

3   likewise concluded that a borrower lacks standing to challenge an allegedly fraudulent

4   assignment or appointment of a successor trustee.  *See Brodie*, 2012 WL 6192723, at *2

5   (citing cases); *see also Martin v. Litton Loan Servicing LP*, No. 2:12-CV-970-MCE-EFB,

6   2015 WL 692099, at *8 (E.D. Cal. Feb. 18, 2015), *report and recommendation adopted*,

7   No. 2:12-CV-970-MCE-EFB, 2015 WL 1334893 (E.D. Cal. Mar. 20, 2015) ("[C]ourts

8   have . . . generally held that plaintiffs lack standing to challenge the validity of

9   robo-signatures.").  Thus, the Lakes lack standing to challenge the May 2010 Assignment

10  and the court grants Deutsche Bank's motion to dismiss the Lakes' FDCPA claim on this

11  ground.[8]

12  //

13  //

14  //

15  _____

      [8] In response, the Lakes direct the court to *Yvanova v. New Century Mortgage Corp.*, 365
      P.3d 845 (Cal. 2016).  (Resp. at 6-8.)  In *Yvanova*, the California Supreme Court held that third
16    parties may bring a wrongful foreclosure suit if they allege errors rendering an aspect of the
      assignment of their debt void and not just voidable.  *Id.* at 851-60.  The Lakes allege that the
      May 2010 Assignment is invalid because the individual who executed the Assignment was "a
17    documented 'robo-signer' . . . [who] did not review or investigate the information in the
      document he or she signed."  (FAC ¶ 16.)  An alleged "robo-signature," however, would not
18    render the May 2010 Assignment void but only potentially voidable because the signature—even
      if by an unauthorized person—could be ratified.  *See Barcarse v. Cent. Mortg. Co.*, 661 F. App'x
19    905, 907 (9th Cir. 2016); *Mendaros v. JPMorgan Chase Bank, Nat'l Ass'n*,
      No. 16-CV-06092-HSG, 2017 WL 2352143, at *6 (N.D. Cal. May 31, 2017) ("[A] "robo-
20    signature" does not render the transfer of Plaintiff's debt void because a signature by an
      unauthorized party on a negotiable instrument is subject to ratification."); *Brodie v. Nw. Tr.*
21    *Servs., Inc.*, No. 12-CV-0469-TOR, 2012 WL 6192723, at *3 (E.D. Wash. Dec. 12, 2012), *aff'd*,
      579 F. App'x 592 (9th Cir. 2014) ("To the extent that these documents were in fact robo-signed,
      they would be voidable at the injured party's option.").  Thus, the California Supreme Court's
22    holding in *Yvanova* is inapplicable here.

1          2.   The Lakes Fail to Allege Activity that Violated Section 1692f(6)

2          "The FDCPA imposes liability only when an entity is attempting to collect debt.

3    For the purposes of the FDCPA, the word 'debt' is synonymous with 'money.'"

4    *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir. 2016) (citing 15

5    U.S.C. §§ 1692a(5), 1692(e)).  The object of foreclosure, however, is to retake and resell

6    a security, not to collect money.  *Id.*  Indeed, "'foreclosing on a deed of trust is an entirely

7    different path' than 'collecting funds from a debtor.'"  *Id.* at 572 (quoting *Hulse v. Ocwen*

8    *Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)).  Thus, the FDCPA applies to

9    foreclosure activities only through the limited provisions of Section 1692f(6).  *See*

10   *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 990 (9th Cir. 2017) ("[W]here an

11   entity is engaged solely in the enforcement of a security interest and not in debt

12   collection . . . it is subject only to § 1692f(6) rather than the full scope of the FDCPA.").

13   Section 1692f(6) prohibits, in pertinent part, the "[t]aking or threatening to take any

14   nonjudicial action to effect dispossession or disablement of property if . . . there is no

15   present right to possession of the property claimed as collateral through an enforceable

16   security interest."  15 U.S.C. § 1692f(6)(A).

17         The Lakes fail to allege facts that bring Deutsche Bank's foreclosure action within

18   the narrow provisions of Section 1692f(6).  The court has already addressed the Lakes'

19   allegations that May 2010 Assignment is defective or otherwise invalid because it was

20   signed by a "documented 'robo-signer.'"  *See supra* § III.C.1; (*see also* FAC ¶ 16.)  The

21   Lakes have no standing to raise these allegations, and the allegations are therefore

22   insufficient to support an FDCPA claim under Section 1692f(6).  Further, even if the

1  Lakes had standing, their allegations are conclusory and thus also insufficient to support a

2  Section 1692f(6) claim.  *See James v. ReconTrust Co.*, 845 F. Supp. 2d 1145, 1169 (D.

3  Or. 2012) (dismissing conclusory claims of unauthorized robo-signing of an assignment

4  of an deed of trust and the appointment of a successor trustee); *In re MERS Litig.*,

5  No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) (dismissing vague

6  robo-signing allegations concerning MERS assignments as mere "legal conclusions . . .

7  not supported by sufficient factual pleading").

8      The Lakes also allege that (1) Deutsche Bank "made false representations that it

9  had rights to foreclose against the [Lakes'] residential property" (FAC ¶ 32) and (2)

10 "Deutsche Bank acquired a copy, forged, or counterfeit version" of the note (FAC ¶ 34).

11 The court declines to accept these conclusory allegations and legal conclusions as true.

12 *See Iqbal*, 556 U.S. at 678.  The Lakes allege no basis for their assertion that Deutsche

13 Bank acquired a fraudulent copy of the note (*see generally* FAC), nor do they explain

14 why Deutsche Bank is not entitled to foreclose based on the documents attached to the

15 Lakes' complaint in Exhibit A and the documents submitted by Deutsche Bank of which

16 the court takes judicial notice (*see generally* Resp.).  The Lakes' conclusory allegations

17 concerning the Note, the May 2010 Assignment, and Deutsche Bank's lack of a present

18 right to possess the property based on the Note and Assignment, are devoid of any factual

19 enhancement and contravene the documents the court reviews for purposes of this motion

20 to dismiss.  *See Daniels-Hall*, 629 F.3d at 998 ("We are not . . . required to accept as true

21 allegations that contradict exhibits attached to the complaint or matters that are properly

22 subject to judicial notice, or allegations that are merely conclusory, unwarranted

ORDER - 15

1   deductions of fact, or unreasonable inferences.").  Accordingly, the court dismisses the

2   Lakes' Section 1692f(6) FDCPA claim in their first amended complaint.[9]

3   **D.      Leave to Amend**

4           Although the district court should grant leave to amend if the claim can possibly

5   be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th

6   Cir. 1995), the district court need not grant leave to amend if amendment would be futile,

7   *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that

8   amendment would be futile where plaintiff was granted leave to amend once and the

9   amended complaint contained the same defects as the prior complaint).  The district

10  court's discretion to deny leave to amend is particularly broad where the plaintiff has

11  previously amended the complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

12  Cir. 1990).  The court previously granted the Lakes leave to amend their Section 1692f(6)

13  FDCPA claim.  (*See* 4/11/17 Order at 15-16.)  The Lakes' first amended complaint

14  contains the same defects as its original complaint with respect to the Section 1692f(6)

15  FDCPA claim, and the court concludes that permitting further amendment would be

16  //

17

18          [9] In response, the Lakes direct the court to the Sixth Circuit's decision in *Glazer v. Chase
    Home Finance, LLC*, in which the Court concluded that "mortgage foreclosure is debt collection
19  under the [FDCPA]."  704 F.3d 453, 463 (6th Cir. 2013).  The holding in *Glazer* applied only to
    the law firm engaged in the foreclosure activity, and the Sixth Circuit specifically noted that the
20  lender was not a debt collector subject to the FDCPA.  *Id.* at 457.  In any event, the Ninth Circuit
    has analyzed the *Glazer* rationale and rejected it.  *Vien-Phuong Thi Ho*, 858 F.3d at 572-73.
21  Finally, the Lakes also cite to the dissent in *Vien-Phuong Thi Ho*.  (*See* Resp. at 9-10.)  However
    persuasive the Lakes may find the dissent in *Vien-Phuong Thi Ho*, it is not the opinion of the
22  Ninth Circuit, has no precedential value, and cannot be relied upon by this court in rendering its
    decision.

1    futile.  Thus, the court denies the Lakes leave to amend their first amended complaint.

2                        **IV.    CONCLUSION**

3           For the reasons set forth in this order, the court GRANTS Deutsche Bank's motion

4    to dismiss (Dkt. # 18), DENIES leave to amend the first amended complaint, and

5    DISMISSES this action with prejudice.

6           Dated this 24th day of July, 2017.

7

8                                               _____

9                                               JAMES L. ROBART
                                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 17